UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASPERBRÁS TECNOLOGIA INDUSTRIAL E AGRONEGÓCIOS LTDA., a Brazilian company also known as ASPERBRÁS TECNOLOGIA INDUSTRIAL LTDA.,

Petitioner,

- against -

GOOD HOPE DEVELOPMENT LLC, a Florida limited liability company,

Respondent.

1:16-CV-01024-GBD

**RESPONDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

AKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

*Attorneys for Respondent Good Hope Development, LLC*

Dated: New York, New York
March 4, 2016

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

FACTUAL AND PROCEDURAL BACKGROUND ........ 3

A. This Action ........ 3

B. The Florida State Action ........ 3

ARGUMENT ........ 5

POINT I GOOD HOPE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED ........ 5

A. This Court Lacks Personal Jurisdiction over Good Hope Because Good Hope Does Not Have Any Contacts with New York that Would Support Either General or Specific Personal Jurisdiction ........ 5

B. This Court Lacks Personal Jurisdiction over Good Hope for the Additional Reason that Good Hope Has Not Been Served with Process ........ 7

POINT II THE PETITION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS ........ 8

POINT III THE PETITION SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER IN THIS DISTRICT ........ 10

POINT IV THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS ACTION BASED ON THE *COLORADO RIVER* ABSTENTION DOCTRINE ........ 11

A. This Action and the Florida State Action are "Parallel" Given Assertions Made by Asperbras in the Florida State Action ........ 13

B. Based on Asperbras' Assertions in the Florida State Action, the *Colorado River* Factors Weigh in Favor of Dismissing This Action in Favor of the Previously-Filed Florida State Action ........ 14

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*7 W. 57th St. Realty Co. v. Citigroup, Inc.*,
No. 13 Civ. 981, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ......................................5, 6, 7

*American Alliance Ins. Co. v. Eagle Ins. Co.*,
961 F.Supp. 652 (S.D.N.Y. 1997) ......................................................................12, 13

*Anonymous v. Kaye*,
104 F.3d 355 (2d Cir. 1996)..........................................................................................10

*Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
134 S.Ct. 568 (2013)..................................................................................................10, 11

*Brookdale Senior Living Communities., Inc. v. Margrey*,
No. 15-CV-00834, 2015 WL 6394535 (N.D.N.Y. Oct. 21, 2015) .......................11, 12, 13, 14

*Casciani v. La Cruise, Inc.*,
No. 96-CV-1249, 1998 WL 34185289 (M.D. Fla. June 24, 1998).............................11, 14, 15

*Colorado River Water Conservation District v. United States*,
424 U.S. 800 (1976)........................................................................2, 11, 12, 13, 14, 15

*Difillipo v. Special Metals Corp.*,
Case No., 299 F.R.D. 348 (N.D.N.Y. 2014).......................................................................8

*First Inv. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*,
703 F.3d 742 (5th Cir. 2013) ..........................................................................................5

*First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*,
862 F.Supp.2d 170 (E.D.N.Y. 2012) ...........................................................................12, 14

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
284 F.3d 1114 (9th Cir. 2002) ..........................................................................................5

*Gordon v. Invisible Children, Inc.*,
No. 14 Civ. 4122, 2015 WL 5671919 (S.D.N.Y. Sept. 24, 2015)........................................6, 7

*Jonas v. Estate of Leven*,
116 F.Supp.3d 314, 323 (S.D.N.Y. 2015) ..........................................................................5, 6

*Jordan v. Forfeiture Support Assocs.*,
928 F.Supp.2d 588 (E.D.N.Y. 2013) ..................................................................................8

*Khan v. Khan*,
360 Fed. Appx. 202 (2d Cir. 2010) .......... 8

*Llolla v. Karen Gardens Apt. Corp.*,
No. 12-CV-1356, 2016 WL 233665 (E.D.N.Y. Jan. 20, 2016) .......... 8, 9

*Mann v. Alvarez*,
No. 96 Civ. 2641, 1996 WL 535540 (S.D.N.Y. Sept. 20, 1996) .......... 13

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*,
460 U.S. 1 (1983) .......... 11, 12, 14

*Sikhs for Justice v. Nath*,
850 F.Supp.2d 435 (S.D.N.Y. 2012) .......... 7, 8

*Walden v. Fiore*,
134 S.Ct. 1115 (2014) .......... 5

**Statutes**

9 U.S.C. § 204 .......... 10

9 U.S.C. § 205 .......... 4

28 U.S.C. § 1332 .......... 4

28 U.S.C. § 1391 .......... 10

28 U.S.C. § 1391(2) .......... 11

28 U.S.C. § 1406(a) .......... 10

Fed. R. Civ. P. 4(h), 4(e)(1) .......... 8

Fed. R. Civ. P. 12 .......... 2

Fed. R. Civ. P. 12(b)(3) .......... 2, 10, 11

Fed. R. Civ. P. 12(b)(5) .......... 2, 8

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* .......... 4

Inter-American Convention on International Commercial Arbitration, 9 U.S.C. § 301, *et seq.* .......... 1, 10, 14

N.Y. C.P.L.R. § 301 .......... 6

N.Y. C.P.L.R. § 302 .......... 6, 7

N.Y. Ltd. Liab. Co. Law § 303 ....................................................................................... 9

N.Y. Ltd. Liab. Co. Law § 304 ....................................................................................... 9

Respondent Good Hope Development, LLC, a Florida limited liability company ("Good Hope" or "Respondent"), appearing specially for the purpose of contesting personal jurisdiction and the sufficiency of service of process, respectfully moves the Court to enter an Order dismissing the Petition filed by petitioner Asperbras Tecnologia Industrial e Agronegócios Ltda., a/k/a Asperbras Tecnologia Industrial Ltda. ("Asperbras" or "Petitioner"). As discussed more fully below, the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(5) for insufficient service of process, Rule 12(b)(3) for improper venue, and the *Colorado River* abstention doctrine.

## PRELIMINARY STATEMENT

Asperbras allegedly brings this action pursuant to the Inter-American Convention on International Commercial Arbitration, 9 U.S.C. § 301, *et seq*. (the "Inter-American Convention") in an attempt to confirm an arbitration award issued against Good Hope in Brazil in January 2015. It is clear, however, that in preparing its Petition and attempting to serve process on Good Hope, a Florida limited liability company, Asperbras has confused Good Hope with a different, unaffiliated New York limited liability company based in Flushing, New York that also uses the name Good Hope Development, LLC (the "New York Entity"). Not only are the personal jurisdiction and venue allegations of Asperbras' Petition grounded on the incorrect assumption that Good Hope "has assets" in this District, Petition at ¶¶ 4-5, but there is no question that Asperbras served (or attempted to serve) the summons and Petition on the New York Entity rather than Good Hope.

This Court cannot properly exercise personal jurisdiction over Good Hope. First, there are no allegations in the Petition that the Court has specific jurisdiction over Good Hope, nor could there be. Asperbras' claim does not arise from Good Hope's connections with New York

in any way and, in fact, Good Hope has no such connections. *See generally* Declaration of Mauro Faldini ("Faldini Dec."), submitted herewith. Second, Asperbras does not, and cannot, allege that Good Hope is subject to general personal jurisdiction in New York. This Court may only exercise general jurisdiction over Good Hope in the event Good Hope's contacts with the State of New York are so "constant and pervasive" as to render it "at home" in the State of New York. Plaintiff cannot meet this burden because Good Hope has no such affiliation with New York. Third, Asperbras has failed to serve Good Hope with process, which also constitutes a basis for dismissal of this action under Federal Rule of Civil Procedure 12(b)(5). Additionally, this case should be dismissed pursuant to Rule 12(b)(3) because the Southern District of New York is an improper venue.

In addition to the multiple grounds for dismissal under Rule 12, the Court should exercise its discretion to dismiss this action based on the abstention doctrine set forth by the Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In August 2015, Good Hope filed a lawsuit against Asperbras and a principal thereof in the Circuit Court for Miami-Dade County, Florida (the "Florida State Action") for tortious interference with a contract and advantageous business relationship between Good Hope and another entity known as Netplan Servicios Empresarias Ltda.[1/] Rather than Asperbras bringing its claim for confirmation of an arbitration award in the Florida State Action, however, Asperbras instead commenced an action in this Court in an apparent attempt to forum shop and improperly thwart Good Hope's choice of forum for resolving its tortious interference claims against Asperbras.

---

1/ The Florida State Action, which remains pending, is styled *Good Hope Development, LLC v. Asperbras Tecnologia Industrial e Agronegócios Ltda. a/k/a Asperbras Tecnologia Industrial Ltda., et al.*, Case No. 2015-01999-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. This Action

Asperbras filed this action on February 10, 2016. Asperbras' Petition alleges that the parties entered into an agreement related to Good Hope's effort to seek a commercial financing facility to assist Asperbras' potential sale of thermoelectric generators and other heavy equipment to the Republic of Guinea. Petition at ¶ 6. The Petition further alleges that Good Hope initiated an arbitration proceeding in Brazil, claiming entitlement to $ 3.663 million under the agreement, but that Good Hope was unsuccessful and that an arbitration award was issued on January 26, 2015, in favor of Asperbras. Petition at ¶¶ 7-8, 11-12. The Petition also alleges that on November 27, 2015, the arbitrators issued a declaration stating the total cost due from Good Hope to Asperbras is the equivalent of USD $69,033, which Asperbras alleges was due on December 12, 2015. Petition at ¶¶ 14-16. In this action, Asperbras seeks to have the Court confirm the arbitration award against Good Hope and enter judgment on the award in favor of Asperbras. Petition at p. 5. Nowhere in its Petition does Asperbras reveal the prior pending Florida State Action.

### B. The Florida State Action

Good Hope initiated the Florida State Action against Asperbras in August 2015 by filing a Complaint in the Circuit Court for Miami-Dade County, Florida.[2/] In November 2015, after Good Hope served a summons on Asperbras, Asperbras removed the case from Florida state

---

[2/] The Florida State Action was filed against Asperbras and one of its principals, Jose Roberto Colnaghi ("Colnaghi"). To date, all papers filed in the Florida State Action on behalf of Asperbras and Colnaghi have been filed by them jointly. Accordingly, when referring to the defendants in the Florida State Action, Good Hope refers to them jointly as "Asperbras."

court to the United States District Court for the Southern District of Florida,[3/] in which Asperbras argued federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Asperbras then filed a Motion to Quash Service and Motion to Dismiss Amended Complaint [S.D. Fla. ECF No. 7]. Two (2) days later, Good Hope filed a Motion to Remand and Supporting Memorandum of Law [S.D. Fla. ECF No. 10], which demonstrated that diversity jurisdiction is lacking.

Apparently conceding that its initial Notice of Removal was ill-founded, the very next day Asperbras filed an Amended and Supplemental Notice of Removal [S.D. Fla. ECF No. 11] in which Asperbras revised its asserted basis for removal, arguing that the District Court for the Southern District of Florida has subject matter jurisdiction under the Federal Arbitration Act and 9 U.S.C. § 205, based upon the very same Brazilian arbitration that forms the basis for Asperbras' Petition in this case. Good Hope filed a Renewed Motion to Remand and Incorporated Memorandum of Law [S.D. Fla. ECF No. 19]. Despite the prior pending action between Good Hope and Asperbras in Florida, Asperbras filed its Petition with this Court on February 10, 2016.

On February 26, 2016, the United States District Court for the Southern District of Florida issued an order granting Good Hope's Renewed Motion to Remand, remanding the action back to the Circuit Court for Miami-Dade County, and closing the federal case [S.D. Fla. ECF No. 44].

---

3/ Case No. 15-24413-CIV-LENARD/GOODMAN, United States District Court for the Southern District of Florida, Miami Division.

# ARGUMENT

## POINT I

## GOOD HOPE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION SHOULD BE GRANTED

### A. This Court Lacks Personal Jurisdiction over Good Hope Because Good Hope Does Not Have Any Contacts with New York that Would Support Either General or Specific Personal Jurisdiction

Confirmation of a foreign arbitration award requires a court to have personal jurisdiction over the defendant against whom enforcement is sought or his property. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114 (9th Cir. 2002) (affirming dismissal of action to confirm foreign arbitration award due to the district court's lack of personal jurisdiction over the defendant). *Accord First Inv. Corp. of the Marshall Islands v. Fujian Mawei Shipbuilding, Ltd.*, 703 F.3d 742, 749-750 (5th Cir. 2013) (affirming district court's decision to deny confirmation of a foreign arbitration award for lack of personal jurisdiction over the defendant). A nonresident defendant "generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See 7 W. 57th St. Realty Co. v. Citigroup, Inc.*, No. 13 Civ. 981, 2015 WL 1514539 at * 8 (S.D.N.Y. Mar. 31, 2015) (quoting *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014)).

In the face of a jurisdictional challenge, the plaintiff bears the burden of establishing personal jurisdiction and must make a *prima facie* showing that jurisdiction exists. *See Jonas v. Estate of Leven*, 116 F.Supp.3d 314, 323 (S.D.N.Y. 2015). Such a showing requires legally sufficient allegations of jurisdiction, including an averment of facts that, if substantiated, would suffice to establish jurisdiction over the defendant. *See id.* In deciding a motion to dismiss for want of personal jurisdiction, a district court may consider materials outside the pleadings,

including affidavits and other written materials. *See id*. The court assumes the truth of the allegations to the extent they are uncontroverted by the defendant's affidavit. *See id*.

As set forth in the Petition, Asperbras' alleged basis for this Court's exercise of personal jurisdiction over Good Hope is its allegation that Good Hope "has assets in the State of New York." Petition at ¶ 4. As demonstrated by the Faldini Declaration, however, Good Hope does not own any assets situated in the State of New York. Faldini Dec. at ¶ 14. Because the Petition's personal jurisdiction allegation is based on purported "assets" that do not exist, the Petition should be dismissed for lack of personal jurisdiction over Good Hope. *See Jonas*, 116 F.Supp.3d at 323.

This Court also lacks personal jurisdiction over Good Hope due to the absence of any connection(s) between Good Hope and the State of New York. In New York, there are two types of jurisdiction, general and specific. *See* CPLR 301, 302; *7 W. 57th St. Realty Co.*, 2015 WL 1514539 at *8. A defendant is subject to general personal jurisdiction under CPLR 301 when it is engaged in such a "continuous and systematic course of doing business" in New York as to warrant a finding of its "presence in this jurisdiction." *Gordon v. Invisible Children, Inc.*, No. 14 Civ. 4122, 2015 WL 5671919 at *4 (S.D.N.Y. Sept. 24, 2015) (quotations omitted).

Under CPLR 302, specific jurisdiction over a defendant may exist in a suit only if the plaintiff's cause of action "arises from" the defendant's contacts with New York. CPLR 302(a)(1)-(4). For this Court to exercise specific personal jurisdiction consistent with New York law and due process, a defendant's suit-related conduct must create a "substantial connection" with the State of New York. *See 7 W. 57th St. Realty Co.*, 2015 WL 1514539 at *8. Here, Good Hope is not subject to general or specific jurisdiction in New York.

Good Hope does not conduct business in New York and, accordingly, has never registered with the New York Department of State as an authorized foreign limited liability company. Faldini Dec. at ¶¶ 9, 11. Good Hope does not have any offices, employees, or operations in the State of New York. *Id*. at ¶ 15. Good Hope derives no revenue from any person or entity located in New York, and it has never paid taxes in New York. *Id*. at ¶ 11. Good Hope does not promote or market its services in New York. Faldini Dec. at ¶ 16. Good Hope does not own, lease, or rent any real or personal property in New York. *Id*. at ¶ 12. Good Hope does not have any bank account in New York. *Id*. at ¶ 13. In short, Good Hope is not engaged in a "continuous and systematic course of doing business" in New York that would warrant a finding of general personal jurisdiction in New York. *See* CPLR 301; Gordon, 2015 WL 5671919 at *4.

Likewise, this Court does not have specific personal jurisdiction over Good Hope. It is clear from the Petition that Asperbras' claim does not "arise from" Good Hope's contacts with New York or that Good Hope's alleged conduct has any connection – let alone a "substantial connection" –with New York. *See* Petition at ¶¶ 1-2, 4-5; Faldini Dec. at ¶¶ 9-16. Accordingly, specific personal jurisdiction over Good Hope is also lacking. *See* CPLR 302; *7 W. 57th St. Realty Co.*, 2015 WL 1514539 at *8.

**B. This Court Lacks Personal Jurisdiction over Good Hope for the Additional Reason that Good Hope Has Not Been Served with Process**

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process must be satisfied. *See Sikhs for Justice v. Nath,* 850 F.Supp.2d 435, 439-40 (S.D.N.Y. 2012). Moreover, actual notice of an action cannot cure a failure to comply with the statutory requirements for serving process. *See id.* at 441.

Here, Good Hope has not been served with the Petition or the summons issued in this case. Faldini Dec. at ¶ 8. Simply put, because Good Hope has not been served with valid process, this Court does not have personal jurisdiction over Good Hope. *See Sikhs for Justice*, 850 F.Supp.2d at 439-41.[4/]

## POINT II

## THE PETITION SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS

Insufficient service of process is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(5). *See Difillipo v. Special Metals Corp.*, Case No., 299 F.R.D. 348, 352-53 (N.D.N.Y. 2014). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Id*. at 353 (quoting *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010)).

A limited liability company may be served in a federal action either by "following state law" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Jordan v. Forfeiture Support Assocs.*, 928 F.Supp.2d 588, 594-95 (E.D.N.Y. 2013) (citing Fed. R. Civ. P. 4(h), 4(e)(1)). New York law authorizes two methods of serving process on a limited liability company -- either by personally delivering the summons and complaint to an agent authorized to receive service, or by serving the New York Secretary of State pursuant to New York's Limited Liability Company Law. *See id*.; *Llolla v. Karen Gardens Apt. Corp.*, No. 12-CV-1356, 2016 WL 233665 (E.D.N.Y. Jan. 20, 2016).

4/ To the extent necessary, the arguments set forth in Point II of this Memorandum are incorporated by reference into Point I.

Here, Asperbras attempted to make service on Good Hope by serving the New York Secretary of State; however, it is clear that Asperbras instead served the New York Entity, a separate, unaffiliated New York limited liability company with the same name as Good Hope. In fact, respondent Good Hope has yet to be served with process in this action. Faldini Dec. at ¶ 8.

Public records obtained from the website of the New York Department of State, Division of Corporations, show that the New York Entity is a New York limited liability company formed on May 31, 2013, listing its address for service of process as 140-75 Ash Avenue #5A, Flushing, New York 11355. *Id.* at ¶ 4. The New York Entity is not Good Hope, and it has absolutely no affiliation with Good Hope. *Id*. at ¶ 7. In fact, Good Hope only became aware of the existence of the New York Entity after Asperbras filed this lawsuit. *Id*.

In an apparent attempt to support service of process on Good Hope, Asperbras provided Good Hope with an Affidavit of Service and Receipt for Service issued by the New York Department of State, which, according to Asperbras, establishes Asperbras' service of process on Good Hope. *See* Faldini Dec. at ¶¶ 5-6. The Receipt for Service, however, shows that service was directed to the New York Entity at its Flushing, New York address. Faldini Dec. at ¶ 6. Further evidence that Asperbras directed service to the New York Entity rather than respondent Good Hope is the statement on the Receipt of Service that service was directed to be made pursuant to Section 303 of the New York Limited Liability Company Law, *id*., which applies to domestic limited liability companies or "authorized" foreign limited liability companies. Good Hope is neither. Faldini Dec. at ¶¶ 3, 9. Instead, Good Hope is an "unauthorized" foreign limited liability company as defined by Article 8 of the New York Limited Liability Company Law. Accordingly, any effective process would have to be served on Good Hope pursuant to Section 304 of the New York Limited Liability Company Law, which Asperbras has not done.

**POINT III**

**THE PETITION SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER IN THIS DISTRICT**

A defendant may move to dismiss an action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 577 (2013). Whether venue is … 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws…" *Id.* When venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper. *Anonymous v. Kaye*, 104 F.3d 355 (2d Cir. 1996). Where a court determines that venue is improper, it may either dismiss the case or transfer it to another district court pursuant to 28 U.S.C. § 1406(a).[5/] *See Atlantic Marine Const. Co.*, 134 S.Ct. at 577.

An action under the Inter-American Convention must be brought in a court in which the underlying action could have been brought.[6/] 9 U.S.C. § 204. Under 28 U.S.C. § 1391(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. *Atlantic Marine Const. Co.*, 134 S.Ct. at 577.

In this action, Asperbras' sole basis for venue in this district is its allegation that Good Hope has assets located in the Southern District of New York. Petition at ¶ 5. Once again, the basis for Asperbras' allegation in this regard is apparently its erroneous belief that the New York

---

5/ In this case, Good Hope seeks only dismissal of this action under § 1406; not a transfer under § 1406.

6/ An action under the Inter-American Convention also may be brought in a court "which embraces the place designated in the agreement as the place of arbitration if such place is within the United States." 9 U.S.C. § 204. This provision, however, is inapplicable here because the arbitration agreement between the parties does not designate New York as the place for arbitration. *See* Ad Exitus Services Agreement at ¶ 4.2, attached to the Petition as Exhibit A.

Entity and Good Hope are one and the same. Good Hope is a Florida limited liability company organized under the laws of Florida with its principal place of business in Coral Gables, Florida. Faldini Dec. at ¶ 3. Good Hope does not have any assets located anywhere in the State of New York. *Id.* at ¶ 14. No event(s) or omission(s) giving rise to Asperbras' confirmation claim occurred in the Southern District of New York, nor is there any property that is the subject of this action situated in the Southern District of New York. As a result, this action should be dismissed pursuant to Rule 12(b)(3) because the Southern District of New York is an improper venue. *See Atlantic Marine Const. Co.*, 134 S.Ct. at 577; 28 U.S.C. § 1391(2).

**POINT IV**

**THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS THIS ACTION BASED ON THE *COLORADO RIVER* ABSTENTION DOCTRINE**

State courts and federal courts have concurrent jurisdiction to enforce arbitration awards and agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983); *Brookdale Senior Living Communities., Inc. v. Margrey*, No. 15-CV-00834, 2015 WL 6394535 at *3 (N.D.N.Y. Oct. 21, 2015); *Casciani v. La Cruise, Inc.*, No. 96-CV-1249, 1998 WL 34185289 at *6 (M.D. Fla. June 24, 1998). Because this Court and the Circuit Court for Miami-Dade County, Florida -- where the Florida State Action is now pending -- have concurrent jurisdiction to enforce the arbitration award alleged in Asperbras' Petition, this Court should exercise its discretion to dismiss this action based on the abstention doctrine outlined by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Under the *Colorado River* doctrine, a federal district court has discretion, based upon "considerations of '[w]ise judicial administration, giving regard to the conservation of judicial

resources and comprehensive disposition of litigation,'" to abstain from exercising jurisdiction over an action where a concurrent state court proceeding is pending. *American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F.Supp. 652 (S.D.N.Y. 1997) (quoting *Colorado River Water Conservation Dist.*, 424 U.S. at 817). In accordance with *Colorado River*, a district court may dismiss a party's claim where (1) the relevant state and federal actions are "parallel" and (2) an evaluation of a six-factor test weighs in favor of abstention. *See First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F.Supp.2d 170 (E.D.N.Y. 2012); *Brookdale Senior Living Communities, Inc.*, 2015 WL 6394535 at *4.

In determining whether two actions are parallel for purposes of *Colorado River* abstention, the court may consider whether the actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested. *See First Keystone Consultants, Inc.*, 862 F.Supp.2d at 182. Lawsuits are considered "parallel" if "substantially the same parties are contemporaneously litigating substantially the same issue" in both forums. *Id.* (quotations omitted). Complete identity of parties and claims is not required; instead, the parallel litigation requirement is satisfied when "the main issue in the case is the subject of already pending litigation." *Id.*

Upon finding parallel suits, a federal district court considers six factors in deciding whether to defer to the state court proceeding: (1) whether any court has assumed jurisdiction over any rem or property; (2) whether the federal forum is inconvenient; (3) whether the parallel proceedings will create piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceeding can adequately protect the rights of a party compelling arbitration. *See Brookdale Senior Living Communities, Inc.*, 2015 WL 6394535 at *4 (citing *Colorado River*, 424 U.S. at 818-20; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 23-26). No one

factor is necessarily determinative; instead, a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. *Id.* (citing *Colorado River*, 424 U.S. at 819-20).

While the district court is obligated to undertake a careful balancing of the applicable factors, the decision to abstain is in the sound discretion of the court. *See American Alliance Ins. Co. v. Eagle Ins. Co.*, 961 F.Supp. 652 (S.D.N.Y. 1997). Federal courts, however, have "frequently followed *Colorado River* and abstained from exercising jurisdiction in deference to parallel state actions." *Id.* (citing *Mann v. Alvarez*, No. 96 Civ. 2641, 1996 WL 535540, at *2 (S.D.N.Y. Sept. 20, 1996)). Additionally, the Supreme Court has "found considerable merit in the idea that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Brookdale Senior Living Communities, Inc.*, 2015 WL 6394535 at *6 (internal quotation omitted).

**A. This Action and the Florida State Action are "Parallel" Given Assertions Made by Asperbras in the Florida State Action**

This action involves the same parties as the Florida State Action. Moreover, while the United States District Court for the Southern District of Florida expressly determined that Good Hope's causes of action in the Florida State Action do not fall within the narrow arbitration provision in the agreement between Asperbras and Good Hope, under Asperbras' theory of the Florida State Action, the "main issue" in the instant case -- *i.e.*, the parties' Brazilian arbitration proceeding -- is also a subject of the Florida State Court Action. By way of example only, in its motion to quash and to dismiss filed in the Florida State Action after it was improperly removed to federal court, Asperbras asserted that Good Hope's claims are barred by the doctrine of *res judicata* based on the very arbitration award seeks to confirm in this action. Thus, given

arguments and purported defenses asserted by Asperbras in the Florida action, this action and the Florida State Action are "parallel." *See First Keystone Consultants, Inc.*, 862 F.Supp.2d at 170.

**B. Based on Asperbras' Assertions in the Florida State Action, the *Colorado River* Factors Weigh in Favor of Dismissing This Action in Favor of the Previously-Filed Florida State Action**

Considering positions taken by Asperbras in the Florida State Action, the six factors for abstention outlined by the Supreme Court in *Colorado River* weigh in favor of dismissing this action. The first factor is neutral because no court has assumed jurisdiction over any property. The second factor favors abstention because this federal forum is inconvenient. As set forth above, Good Hope has no substantial connection with New York or this forum.[7/] Because Good Hope is located in Coral Gables, Florida (a suburb of Miami), all of the witnesses and evidence outside Brazil will be in Florida, making the Circuit Court for Miami-Dade County a more convenient forum. The third factor also favors abstention because defenses and affirmative defenses available to Asperbras in the Florida State Action overlap with this claim(s) alleged by Asperbras in this case, thereby creating piecemeal litigation and a risk of inconsistent results. The fourth factor favors abstention because the Florida State Action was filed in August 2015, approximately six months before Asperbras commenced this action. The fifth factor does not favor abstention or is neutral insofar as the Inter-American Convention is codified in federal statute; however, state courts and federal courts have concurrent jurisdiction to enforce arbitration awards and agreements. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25; *Brookdale Senior Living Communities, Inc.*, 2015 WL 6394535 at *3; *Casciani*, 1998 WL 34185289. The sixth factor favors abstention because the Florida State Action can adequately protect the rights

[7/] Moreover, nothing in the Petition suggests that Asperbras has any relevant connection to this forum.

of Asperbras in its effort to confirm the arbitration award. *See id*. Accordingly, the Court should exercise its discretion to dismiss this action based on the *Colorado River* abstention doctrine.

## CONCLUSION

For the foregoing reasons, Good Hope respectfully requests that the Court enter an Order (i) dismissing the Petition filed in this action pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5) and 12(b)(3), as well as the *Colorado River* abstention doctrine, and (ii) granting such other and further relief to Good Hope as the Court deems just and proper.

Dated: New York, NY
March 4, 2016

Respectfully submitted,

AKERMAN LLP

By: *__/s/ David F. Bayne__*
David F. Bayne
666 Fifth Avenue, 20th Floor
New York, New York 10103
(212) 880-3800
(212) 880-8965 (fax)

*Attorneys for Respondent*

Of Counsel:

AKERMAN LLP
Robert I. Chaskes
Paul L. Kobak
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
E-mail: robert.chaskes@akerman.com
E-mail: paul.kobak@akerman.com